UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREA CLEAVES,<br><br>    Plaintiff,<br><br>    v.<br><br>NICK SOPHA, et al.,<br><br>    Defendants. | Case No. 22-cv-09194-JD<br><br>**ORDER DISMISSING CASE** |

This is a case filed by pro se plaintiff Trea Cleaves. The operative complaint is the second amended complaint (SAC), which is 383 pages long and names at least 20 defendants. Dkt. No. 9 at ECF pp. 2-15. To the extent Cleaves' legal claims are discernible from the SAC, they appear to include claims for "marriage as RICO crime scene," Dkt. No. 9-1 at ECF p. 99, and "domestic terrorism," *id*. at ECF p. 105.

A magistrate judge granted Cleaves permission to proceed in forma pauperis, and screened her initial complaint under 28 U.S.C. § 1915(e). He found the complaint to be deficient in its failure to satisfy Rule 8 of the Federal Rules of Civil Procedure, among other reasons. Dkt. No. 4 at 4. The judge granted Cleaves leave to file her first and second amended complaints, and then conducted a further screening of the second amended complaint. Dkt. No. 10. The screening order found that the SAC continued to fall short of Rule 8's requirement for a "short and plain" statement, *id*. at 6-7 (citing Fed. R. Civ. P. 8(a)(2)), and that, as with the initial complaint, many of the SAC's allegations raised statute of limitations issues on their face, as they dated back to "the 1980s and up through 2008, well over a decade before the original complaint was filed in December 2022." *Id*. at 7-8. Cleaves had already been given opportunities to amend and yet her "SAC remain[ed] just as distant from stating a claim as her original complaint was," and so the

1  magistrate judge recommended that the SAC be "dismissed with prejudice because its defects
2  cannot be cured with a further amendment." *Id*. at 8.

3      In response to the magistrate judge's second screening order, Cleaves filed on the docket
4  an administrative motion to "change deadline for filing [an] opposition to dismissal." Dkt. No. 13.
5  The motion did not, however, identify a new requested deadline for any filing, *see id*. at ECF p. 2,
6  and in any event, it attached a voluminous statement setting out Cleaves' "disagree[ments]" with
7  and "objection[s]" to the proposed dismissal. *Id*. at ECF pp. 4-69. That statement, too, is difficult
8  to follow, and contains legally improper statements like these: "I am requesting this Honorable
9  Court to give this case to the CALIFORNIA DEPARTMENT OF JUSTICE just like The
10 RAMPART SCANDAL. BECAUSE EVERYTHING IS ON THE RECORD. I am SEEKING
11 the CONSCIOUS OF THE COURT AS WELL AS BLOCKCHAIN TECHNOLOGY to PROVE
12 this ongoing CASE." *Id*. at ECF p. 9.

13     The Court's independent review of the docket and the magistrate judge's orders and
14 recommendation demonstrates that the SAC is inadequate under Rule 8 of the Federal Rules of
15 Civil Procedure. A defendant asked to respond to Cleaves' SAC "would have little idea where to
16 begin." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 n.10, 565 (2007). The Court also finds on
17 this record that a further amendment opportunity would be futile and is not required. *See Chodos
18 v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

19     The recommendation, Dkt. No. 10, is consequently adopted, and the case is dismissed with
20 prejudice.

21     **IT IS SO ORDERED.**

22 Dated: December 14, 2023

JAMES DONATO
United States District Judge